UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-21000-CIV-KING

INTERNATIONAL SECURITY
MANAGEMENT GROUP, INC.,

    Plaintiff,

v.

BRIAN D. JOHNSON,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's March 10, 2009 Motion for Summary Judgment (D.E. #24). Plaintiff responded on March 27, 2009 (D.E. #27).

### I. FACTUAL BACKGROUND

On or about September 13, 2004, Plaintiff International Security Management Group, Inc. ("Plaintiff")—a private security guard company—hired Defendant Brian D. Johnson as Vice President of Business and Development (Compl. ¶¶ 4, 6, 22). Within two months of his employment with the Plaintiff, Defendant executed an Employment Agreement ("Agreement") (Compl. ¶ 23).

The Agreement provides that, "[Plaintiff] promises that for (1) year following the termination of . . . employment with the [Defendant], for any reason whatsoever,

1

[Plaintiff] shall not disclose to any person the [Defendant's] business secrets . . . ." (Compl., Ex. A, ¶ 2). The Agreement defines business secrets as the names and addresses of Defendant's current clients, listing of the projects that Defendant was involved with, fees charged by the Defendant, financial records of the Defendant, any pending negotiations between the Defendant and potential clients, and information about any disputes between the Defendant and its clients (Compl., Ex. A, ¶ 2). The Agreement further provides:

> If [Plaintiff's] employment with the [Defendant] is terminated, [Plaintiff] may establish or accept employment with a competing private security business and may compete with the [Defendant] or aid the competing business to compete with the [Defendant]. However, upon the termination of [Plaintiff's] employment with the [Defendant], for any reason whatsoever and at any time, regardless of whether the [Defendant] has complied with its obligations to [Plaintiff], [Plaintiff] promises that for one (1) year after the date of termination of employment, that the [Plaintiff] . . . shall not for himself or for another solicit or aid any other person to solicit any person who is a client of the [Defendant] at the time of termination or who has been a client at any time within 180 days prior to termination either to terminate the client's private security business services relationship with the [Defendant] . . . or to purchase private security business services from Plaintiff or from another . . . .

(Compl., Ex. A, ¶ 4(a)).

On or about August 3, 2007, Defendant's employment with Plaintiff ended (Compl. ¶ 26). Sometime after the Defendant stopped working for the Plaintiff, Defendant began working for U.S. Security Guard Services ("USS"), a separate security guard company and one of Plaintiff's primary competitors (Compl. ¶¶ 7–8).

Plaintiff's Complaint asserts that Defendant "breached and continues to breach the

2

obligations of his Employment Agreement." (Compl. ¶ 46). Plaintiff alleges specifically that Defendant "has contacted, solicited, attempted to engage in business with, and done business with [Plaintiff's] Customers on behalf of USS." (Compl. ¶ 33). Further, Plaintiff contends that Defendant has "used [Plaintiff's] Protected Information in order to make contact with, solicit, and do business with [Plaintiff's] Customers (including their representatives and agents)." (Compl. ¶ 34).

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding

3

that, to meet its burden, the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

## III. ANALYSIS

Defendant's sole contention as to why he is entitled to summary judgment as a matter of law is that "Plaintiff cannot show and will be unable to show that Defendant caused harm to Plaintiff." (Def.'s Mot. Summ. J. 3). Defendant alleges that, "[e]ven if Plaintiff were able to demonstrate communication during the first year that followed [Defendant's] subject employment, between Defendant and a 'Customer' of Plaintiff, which could be construed as a technical violation of the subject Agreement, Plaintiff will never be able to show that any loss was sustained as a result of any such contract." (Def.'s Mot. Summ. J. 2–3).

At the summary judgment stage, the moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes*, 398 U.S. at 157; *Allen*, 121 F.3d at 646. While Defendant alleges that there is a "complete lack of evidence," (Def.'s Mot. Summ. J. 4), he does not delineate to the Court a single instance in the Record of such a lack of evidence. In failing to do so, Defendant has not met his burden. Instead of pointing this Court to the record and any evidence that demonstrates the alleged absence of a genuine issue of material fact, the Defendant has relied solely on his belief and expectation that "[b]ased on the complete lack of evidence that Plaintiff will be able to present to support its allegations of damages . . . it will be

impossible for Plaintiff to proffer a countervailing fact or justifiable inference." (Def.'s Mot. Summ. J. 4). Defendant's beliefs or expectations that Plaintiff will be unable to produce sufficient evidence at trial is not a basis for the Court to rule that the Defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(D.E. #24)** be, and the same is hereby, **DENIED**. The matter **SHALL PROCEED** by Plaintiff Individual Security Management Group, Inc. against Defendant Brian D. Johnson in accordance with the Court's June 5, 2008 Scheduling Order (D.E. #16) setting pretrial conference on **April 10, 2009** and trial to commence on the Court's trial calendar of **June 1, 2009**.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 31st day of March, 2009.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
    **_Counsel for Plaintiff_**
    **Scott D. Clay**
    Clay Law Firm, PA
    201 E. Kennedy Boulevard
    Suite 950
    Tampa, FL 33602

    **J. Pargen Robertson, Jr.**
    Owen Gleaton Egan Jones & Sweeney LLP
    Promenade Two Suite 1400
    1230 Peachtree Street NE
    Atlanta, GA 30309

    **_Counsel for Defendant_**
    **Ron Bradley Kurtz**
    3107 Stirling Road, Suite 300
    Fort Lauderdale, FL 33312